IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Penny Lund, | C. A. No. 2:03-1951-HFF-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, Beatrice E. Whitten.[1] The record indicates that on August 7, 2001, plaintiff filed applications for disability insurance benefits, which were denied by the Social Security Administration, both initially and upon reconsideration. A hearing, requested by plaintiff under 42 U.S.C. § 405(b), resulted in an adverse determination as to disability insurance benefits. That determination became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on April 25, 2003. Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g). On August 13, 2004, this court remanded this matter to the Commissioner for further evaluation. Benefits were subsequently awarded.

---

[1] This motion was referred to the undersigned by the district judge on January 11, 2006, but the reference was not received from the Clerk of Court until March 26, 2007.

The Commissioner has withheld $8,180.20 from past due benefits for attorney's fees. In her petition sub judice, petitioner avers that she represented plaintiff in the judicial proceedings which, as noted, culminated in disability payments to plaintiff. Petitioner asks this court to approve an attorney's fee in the sum of $2,880.20 for 21.8 hours of services rendered before the court. The Commissioner filed an objection to motion for attorney's fees erroneously noting that the petitioner is seeking an amount of $8,180.00 for 18.1 hours before the court. The petitioner has filed nothing in reply.

In Morris v. Social Security Administration, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit Court of Appeals addressed the issue of attorney's fees:

> Subsection (a) of 42 U.S.C. § 406 authorizes the Secretary to certify a maximum of twenty-five per cent of a claimant's past due benefits as fees for the attorney who successfully represents the claimant in the agency proceedings. Similarly, subsection (b)(1) authorizes the court to allow up to twenty-five per cent of a claimant's past-due benefits as fees the attorney who successfully represents his client before the court. The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. Whitt v. Califano, 601 F.2d 160, 161-62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. Id. at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as

> in the instant case.  See Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967).
>
> While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary.

Morris, 689 F.2d at 496-97.

This court has thoroughly reviewed the record in the instant action.  Petitioner's brief and oral arguments competently advanced correct legal and factual points which persuaded this court that substantial evidence did not support the decision of the Commissioner.  In addition, the petition for approval of attorney's fees contains detailed records of the time plaintiff's counsel expended in the proceedings here involved.  When counsel competently represents a plaintiff in this type of action, when such competency is manifest from the record as a whole, this court is of the opinion that counsel should be awarded a reasonable fee.  The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. § 406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that $2,880.20 is a reasonable and just fee to be paid to claimant's counsel for her 21.8 hours of services before the court.

Therefore, it is recommended that the Commissioner remit the amount of $2,880.20 to petitioner for her services in this case.

It is further recommended that in no event shall the combined fee awarded counsel for his services before the Social Security Administration and the court exceed twenty-five per cent of claimant's past-due benefits.

                                              Respectfully Submitted,

                                              Robert S. Carr
                                              United States Magistrate Judge

Charleston, South Carolina

March 29, 2007